***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell with minor modifications.
 *********** EVIDENTIARY RULINGS
The High Point Regional Operative Report by Dr. David Ross dated January 31, 2000 is hereby included in the Transcript of Evidence as pages 46A and 46B in Section 6.
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. On February 21, 1994 the employer-employee relationship existed between the employer/defendant and the employee/plaintiff in North Carolina.
3. The employer/defendant is a qualified self-insured with Sedgwick of the Carolinas administering this claim.
4. Employee/plaintiff requested a hearing on the compensability of his February 21, 1994, right knee injury and, following a full evidentiary hearing on November 19, 1997, Deputy Commissioner Amy Pfeiffer issued an Opinion and Award on June 15, 1998 finding that plaintiff sustained an injury by accident. Pursuant to the Opinion and Award, defendants paid for certain medical expenses and paid plaintiff temporary total disability benefits from March 1995 through September 10, 1995. The Deputy Commissioner further found that plaintiff was rated with a total 30% permanent partial disability to the right leg, 20% from prior injuries to his right knee and 10% attributable to the February 21, 1994 accident. Therefore, defendants paid plaintiff permanent partial disability compensation for the additional 10% permanent partial disability rating.
5. Defendants also paid additional medical compensation for a total right knee replacement in January 2000 as well as temporary total disability benefits thereafter through June 30, 2000, with a final payment made via a check issued on June 21, 2000. Following the knee replacement, plaintiff was rated with a 20% permanent partial disability to the right knee, 10% less than his prior 30% rating before the knee replacement.
6. Plaintiff continues to work for the employer, earning greater wages than he earned at the time of the February 21, 1994 accident. Plaintiff does not contend he is owed any additional temporary total disability benefits arising out of the February 21, 1994 accident.
7. Plaintiff's average weekly wage is $651.35.
8. The parties further stipulated at hearing that the Court shall enter an Opinion and Award on the single issue of whether plaintiff may be entitled to benefits under N.C. Gen. Stat. §97-31 (24) following the lay testimony and submission of contentions by the parties. After that decision, the parties shall decide what, if any further proceedings are necessary.
9. The parties stipulated into evidence as Stipulated Exhibit #1, the Pre-trial Agreement as modified and initialed by the parties.
10. The parties stipulated into evidence as Stipulated Exhibit #2, plaintiff's medical records.
11. The parties stipulated into evidence as Stipulated Exhibit #3, I.C. Forms 33, 33R and a prior Opinion and Award dated June 15, 1998.
 ***********
Based upon all the competent evidence in the record, the undersigned makes the following
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 50-year-old male, who had been working for the defendant-employer as a truck driver since March 1980.
2. Prior to his employment with defendant-employer, plaintiff sustained an injury to his right knee in 1977. As a result of this prior injury, plaintiff underwent two arthroscopy right knee surgeries in 1977.
3. While working for defendant-employer as a truck driver on September 2, 1986 plaintiff sustained another injury to his right knee in the course and scope of his employment when he pushed a hand truck forward and fell onto his right knee. This workers' compensation claim was accepted as compensable and plaintiff was paid disability and medical compensation. Plaintiff underwent a third right knee surgery performed by Dr. James Marlowe on December 4, 1986 to remove loose bodies from the knee. Plaintiff was rated with a 15% permanent partial disability to the right leg and was paid compensation pursuant to N.C. Gen. Stat. §97-31(15).
4. Following the 1986 accident, plaintiff continued to work for defendant-employer. On September 14, 1990 he sustained another injury by accident in the course and scope of his employment that was again accepted as compensable. Plaintiff received medical and disability compensation under the North Carolina Workers' Compensation Act.
5. Plaintiff underwent another surgery to his right knee on October 31, 1990 performed by Dr. Charles R. Lockert. Plaintiff was rated with a 20% permanent partial disability impairment to the right leg, which was 5% more than the rating for which he had previously received compensation. As such, the defendant-employer and its carrier/administrator paid plaintiff an increased 5% permanent partial disability rating to the right knee pursuant to N.C. Gen. Stat. § 97-31(15).
6. Plaintiff again returned to work for the defendant-employer following the 1990 accident. He underwent additional treatment for his right knee in 1993, including another surgery performed March 18, 1993. Thereafter he continued to work for the defendant-employer.
7. On February 21, 1994 plaintiff sustained another injury by accident in the course and scope of his employment when his foot slipped while he was stepping on a rear bumper of a trailer and he hit his right knee. Following this accident plaintiff continued to work for a period of time and he received medical treatment. Plaintiff filed a claim for workers' compensation benefits and an issue arose as to whether plaintiff's disability and the need for additional medical treatment after February 21, 1994 was related to the alleged accident on that date or to plaintiff's pre-existing conditions. As such, a hearing was held before a Deputy Commissioner to address the issues of causation and pursuant to an Opinion and Award filed June 15, 1998, it was held that plaintiff's medical conditions and disability following the February 21, 1994 accident were related to such accident.
8. Pursuant to this Opinion and Award, defendants paid plaintiff temporary total disability benefits and medical compensation as a result of surgery performed by Dr. Mark Warburton on March 23, 1995. Dr. Warburton awarded plaintiff a 30% permanent partial impairment to the right leg as a result of the February 21, 1994 accident. This rating constituted a 10% increase over and above the 20% rating for which plaintiff had already been compensated under the North Carolina Workers' Compensation Act. Thus, pursuant to the Opinion and Award, the defendant-employer and its carrier/administrator paid plaintiff an additional 10% permanent partial disability to the right leg pursuant to N.C. Gen. Stat. § 97-31(15).
9. Following the February 21, 1994 accident and the March 23, 1995 surgery plaintiff returned to work for the defendant-employer earning the same or greater wages as he had earned at the time of the accident. Plaintiff continued to receive periodic medical treatment and in December 1999 he returned to Dr. David Ross, a partner of Dr. Warburton, complaining of increasing right knee pain. Dr. Ross recommended a total knee replacement that was performed in January 2000. Defendants paid plaintiff temporary total disability compensation and medical compensation as a result of the total knee replacement. Plaintiff returned to work at the end of June 2000 for defendant-employer earning the same or greater wages as he earned at the time of the February 21, 1994 accident.
10. Dr. Ross found plaintiff to be at maximum medical improvement following the total knee replacement on August 2, 2000. Dr. Ross rated plaintiff with a 20% permanent partial disability of the right leg, which was 10% lower than the rating imposed prior to the total knee replacement.
11. The competent evidence of record establishes that the plaintiff continues to work for the defendant-employer earning the same or greater wages as he earned at the time of the February 21, 1994 accident.
 ***********
Based upon the following foregoing stipulations and findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. A claimant is entitled to compensation for permanent partial impairment to a leg pursuant to N.C. Gen. Stat. § 97-31 (15). Plaintiff received and accepted compensation for a total of 30% permanent partial impairment to his leg as a result of the three accidents he sustained in the course and scope of his employment with defendant-employer. Such compensation was paid to plaintiff pursuant to N.C. Gen. Stat. § 97-31(15). Following plaintiff's total right knee replacement his permanent partial impairment decreased to 20% and therefore he sustained a change of condition. N.C. Gen. Stat. § 97-47. Plaintiff is not entitled to any additional compensation, however, as a result of this change of condition, his condition improved and his impairment decreased. Plaintiff has already been fully compensated for any permanent partial impairment to his right leg. N.C. Gen. Stat. §97-31(15).
2. Plaintiff requested a hearing on the issue of whether, in addition to the 30% permanent partial impairment he has already been paid pursuant to N.C. Gen. Stat. § 97-31(15), he is also entitled to compensation pursuant to N.C. Gen. Stat. § 97-31(24) for a loss of an important internal organ, to wit, his right knee. The plain, unambiguous language of N.C. Gen. Stat. §97-31(24) states that compensation may only be awarded for permanent injury to an important external or internal organ or part of the body for which no compensation is payable under any other subdivision of § 97-31. Compensation for permanent injury to plaintiff's right leg is payable pursuant to another section of § 97-31, namely subsection (15). Therefore, plaintiff is not entitled to receive additional, duplicative compensation for permanent impairment to his right leg pursuant to N.C. Gen. Stat. § 97-31(24). Plaintiff's claim for additional compensation must be denied.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for additional workers' compensation benefits must, under the law, be and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of November 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
PTY:db